UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-32-GWU

RECARTER J. COCKREL, JR.,                                      PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Recarter Cockrel brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

08-32  Recarter J. Cockrel, Jr.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a <u>de minimis</u> hurdle in the disability determination process.  <u>Murphy v. Secretary of Health and Human Services</u>, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." <u>Farris v. Secretary of Health and Human Services</u>, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  <u>Id</u>., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work.  <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

08-32  Recarter J. Cockrel, Jr.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

3

08-32  Recarter J. Cockrel, Jr.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cockrel, a 47-year-old former factory worker and company laborer and forklift operator with a high school education, suffered from impairments related to the residuals of a motor vehicle accident involving the right shoulder, resulting in impingement/rotator cuff tendonitis. (Tr. 15, 18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 16-17).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 18-19).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

4

08-32  Recarter J. Cockrel, Jr.

The hypothetical question presented to the vocational expert included an exertional limitation to medium level work along with such non-exertional restrictions as (1) an inability to more than occasionally reach overhead with the right arm; (2) an inability to more than occasionally push or pull with the right arm; and (3) a "limited but satisfactory" ability to understand, remember and carry out simple instructions.  (Tr. 273-274).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 274).  The expert later indicated that jobs would exist at both the light and sedentary levels as well which could be done with these restrictions.  (Tr. 275).  The ALJ relied upon this testimony to support the denial decision.

The hypothetical question did not fairly depict Cockrel's status as required by Varley.  Michelle Amburgey was the only mental health professional to examine the plaintiff.  Achievement testing administered by Amburgey revealed that the plaintiff could only read at the second grade level and spell at the first grade level.  (Tr. 177).  The examiner opined that due to these academic difficulties, the claimant would have difficulty performing jobs which relied upon academic skills.  (Id.).  No restrictions concerning Cockrel's academic status were presented to the vocational expert.  Thus, this restriction was not covered.

The ALJ purported to rely upon the opinions of non-examining reviewers Psychologists Larry Freudenberger (Tr. 202-203) and Jan Jacobson (Tr. 206-207) in assessing Cockrel's mental limitations.  However, each reviewer reported that the

5

08-32  Recarter J. Cockrel, Jr.

plaintiff would be "moderately" limited in responding appropriately to changes in the work setting.  This restriction was not presented to the vocational expert.  Thus, the reports of the reviewers do not support the administrative decision and a remand of the action for further consideration is required.

With regard to Cockrel's physical condition, the plaintiff was found capable of performing a restricted range of medium level work in an administrative decision which became final on December 8, 2005.[1]  (Tr. 35-42).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..."  In the present action, the ALJ concluded that "departure from the previous decision is not warranted."  (Tr. 12).  However, examination of the prior ALJ's residual functional capacity assessment revealed a finding of no overhead reaching with the upper extremity.  (Tr. 41).  The current ALJ made a somewhat different finding allowing

_____

[1]The undersigned affirmed this decision on February 15, 2006.  Cockrel v. Barnhart, London Civil Action No. 05-185.

6

08-32  Recarter J. Cockrel, Jr.

occasional overhead reaching.  (Id.).  Therefore, the <u>Drummond</u> requirement was not met, providing an additional ground for reversal of the administrative decision.

Cockrel primarily argues that the ALJ erred in concluding that he did not meet the requirements of § 12.05(C) of the Listing of Impairments concerning mental impairments.   This Listing requires a claimant to produce: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function..." 20 C.F.R. Part 404 Subpart P App. 1, § 12.05(C).  The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence supports onset of the impairment before age 22." 20 C.F.R., Part, 404, Subpart P, App. 1, § 12.05. The plaintiff notes that intelligence testing administered by Amburgey revealed a Verbal IQ score of 68, a Performance IQ score of 67 and a Full Scale IQ score of 65, all within Listing range. (Tr. 176).  Jacobson, the medical reviewer, noted these scores but opined that the Listing was not met because the requirement concerning deficits in adaptive functioning prior to the age of 22 was not satisfied due to the claimant's job history involving semi-skilled work.  (Tr. 238).  The ALJ relied upon this opinion in finding that the Listing was not satisfied.  (Tr. 17).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  <u>Barker v. Shalala</u>, 40 F.3d 789, 794

7

08-32  Recarter J. Cockrel, Jr.

(6th Cir. 1994).  Therefore, the ALJ properly concluded that the Listing was not met and an immediate award of SSI is not warranted.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the undersigned must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of October, 2008.


**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

8